UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CR391 HEA |
| | ) | |
| WILLIAM ZARITZ, | ) | |
| | ) | |
| Defendants, | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Reports and Recommendations of Magistrate Judge Mary Ann L. Medler addressing Defendants' Motion to Suppress Evidence, [Doc. No. 27]. Defendant has filed written objections to Judge Medler's Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. The Court has reviewed the entire record, including the audio recording of the hearing held on October 20, 2011.

Defendant initially argues that Judge Medler accepted and relied upon the

Government's untimely response to Defendant's Motion to Suppress Evidence. As Judge Medler clearly sets out in her Report and Recommendation, although the Government's response was not timely filed, Defendant was given the opportunity to cross examine the Government witnesses and Judge Medler conducted her own independent research on the legal issues herein. Clearly, Judge Medler did indeed conduct independent research and has set out the legal bases upon which she relies for her conclusions. Defendant has not established that he was prejudiced in any way from Judge Medler allowing the Government to file its response one day beyond the deadline.

Defendant also objects to Judge Medler's Findings of Fact. Defendant asserts that the Report left out numerous essential facts. While Defendant discusses the facts which he believes were "essential," Defendant fails to discuss how the inclusion of these facts would have impacted on the conclusions reached by Judge Medler. Moreover, the mere fact that Judge Medler did not include each and every fact in her Report does not invalidate those conclusions. As previously detailed, this Court has listened to the entire audio recording of the hearing, and therefore has reviewed all of the testimony presented.

Defendant argues that the traffic stop was illegal and that there was no probable cause for the search. Defendant's arguments notwithstanding, Officer

Lewis' testimony was that when he stopped Defendant's truck for the failure to display a license plate on the rear of the truck, he believed that such a license plate was required. Moreover, Officer Lewis' experience indicated to him that Defendant may have been under the influence of drugs and/or alcohol. Additionally, Defendant failed to produce a driver's license, giving rise to further suspicion that illegal activity might be a foot.

Defendant further argues that it is unreasonable to assume that the search of Defendant's person was not voluntarily given because he refused to give consent of the vehicle. Defendant's argument is without merit and speculative at best. One may consent to a search of his person while refusing to allow a search of a vehicle, particularly in light of the fact that one may not have been contraband on his person, while at the same time, contraband is stored in his vehicle.

Considering the totality of the circumstances, Judge Medler's Report and Recommendation properly details the relevant facts and applies the applicable law. Defendant's objections are overruled.

Based upon the foregoing, the Court agrees with Judge Medler's conclusions in their entirety. The Report and Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to suppress, [Doc. No. 27], is

denied.

Dated this 26th day of January, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE